UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RICKEY D. ODOM                                              CIVIL ACTION

VERSUS                                                      NO. 09-0109

ST. TAMMANY PARISH S.O., ET AL                              SECTION "D"(3)

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A, and as applicable, Title 42 U.S.C. § 1997(e)(c)(1) and (2). Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.    Factual and Procedural Background

The plaintiff, Rickey D. Odom, is housed in the River Correctional Center in Ferriday, Louisiana.[1] Using the form provided to state prisoners for filing suit pursuant to 42 U.S.C. § 1983, Odom filed this *pro se* and *in forma pauperis* complaint against the defendants, St. Tammany Parish Sheriff's Office, Detective Jayme Seymour, Detective Brad Rummel, Lieutenant Scott Hinson, Corporal Dennis Francis Cauilloet, and Starla Van Stennis seeking monetary and injunctive relief for alleged violations of his constitutional rights.

---

[1] Rec. Doc. No. 5.

Odom alleges that, sometime between April 1, 2004, and April 30, 2004, while he was housed in the St. Tammany Parish Jail, he was informed by two inmates, Jimmy Harrion and James B. Tyrney, that deputies had searched his bed and collected his personal items. He claims that they took mail, pictures, addresses for his witnesses for his criminal case, and copies of letters and motions from his lawyer, Buddy Spell. He alleges that this affected his ability to prepare for his criminal case which caused him to have to enter a guilty plea.

He further alleges that, during that same time period, he was taken from the jail to another building by Detectives Seymour and Rummel. While there, they read him his Miranda warnings, questioned him about certain letters, and made him take a handwriting test. He also claims that he asked for a lawyer but was denied and told that his case would "go no further" unless he complied.

As a result, Odom seeks $10,000 in damages, the return of money he lost, to be placed on probation, and to have his "rights to be served correct and by law."

## II.    Standard of Frivolousness Review

An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The Court has broad discretion in determining the frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds by Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In doing so, the Court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); see also, Macias

v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); Booker, 2 F.3d at 116.

## III. Improper Defendant

Odom has named the St. Tammany Parish Sheriff's Office as a defendant in this matter. Section 1983 imposes liability on any "person" who violates another's constitutional rights while acting under color of state law. 42 U.S.C. § 1983; see Will v. Michigan Dept. Of State Police, 491 U.S. 58 (1989). Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."

According to Fed. R. Civ. P. 17(b), Louisiana law governs whether the sheriff's office or the jail are suable entities. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person," which is defined by the Louisiana Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

The State of Louisiana grants no such legal status to any parish sheriff's office. Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dept., 350 So.2d 236 (La. App. 3d Cir. 1977). Thus, the parish sheriff's offices are not legal entities capable of suing or being sued. Regur v. Lichfield, 700 F. Supp. 863, 965 (M.D. La. 1988). Accordingly, the St. Tammany Parish Sheriff's Office is not a juridical person capable of being sued and the claims against it must be dismissed as frivolous and for failure to state a claim for which relief can be granted, pursuant to § 1915 and § 1915A.

## IV. Deprivation of Property Claim

Odom alleges that his suffered the loss of personal property between April 1, 2004 and April 30, 2004, when his cell was searched by unidentified deputies at the St. Tammany Parish Jail.

3

Notwithstanding the fact that his claim has prescribed,[2] a claim of deprivation of property like that asserted by Odom is frivolous and fails to state a cognizable § 1983 claim.

In deciding whether state action has violated an individual's right to due process, the court must address two questions: "whether the state action has deprived the individual of a protected interest-life, liberty or property," and if so, "whether the state procedures available for challenging the deprivation satisfy the requirements of due process." Augustine v. Doe, 740 F.2d 322, 327 (5th Cir. 1984); accord Neuwirth v. Louisiana State Bd. of Dentistry, 845 F.2d 553, 556 (5th Cir. 1988); Cuellar v. Texas Employment Comm'n, 825 F.2d 930, 934 (5th Cir. 1987).

The United States Supreme Court has consistently ruled that a prisoner's property and due process rights are circumscribed by his custodial status. In general, the Supreme Court has ruled that a state actor's random and unauthorized deprivation of a prisoner's property , whether negligent or intentional, does not result in a violation of due process rights if the State provides an adequate post-deprivation remedy. Alexander v. Ieyoub, 62 F.3d 709, 712 (5th Cir. 1995) (citing Hudson v. Palmer, 468 U.S. 517 (1984); Parratt v. Taylor, 451 U.S. 527 (1981), overruled in part on other

---

[2]Under federal law, applying Louisiana law, Odom had one year from the taking of his property to file suit. Wallace v. Kato, 549 U.S. 384, 387 (2007); Bd. of Regents of Univ. of New York v. Tomanio, 446 U.S. 478, 483 (1980) (citing 42 U.S.C. § 1988); Wilson v. Garcia, 471 U.S. 261, 275 (1985) (§ 1983 actions are best characterized as personal injury actions); Jacobsen v. Osborne, 133 F.3d 315, 319 (5th Cir. 1998) (applying La. Civ. Code art. 3492) (citing Moore v. McDonald, 30 F.3d 616 620 (5th Cir. 1994) and Elzy v. Roberson, 868 F.2d 793, 794 (5th Cir. 1989)). Odom alleges that his property was taken from his cell sometime between April 1 and April 30, 2004. Affording him every benefit, Odom had one year from the latter date, or until no later than April 30, 2005, to timely file his § 1983 petition arising from the alleged improper search of his cell and taking of his property. Odom's complaint was filed by the clerk of court for the Western District of Louisiana on October 6, 2008. In the *pro se* prisoner context, however, the date when prison officials receive the complaint for delivery to the court is considered the time of filing for limitation purposes. Cooper v. Brookshire, 70 F.2d 377, 379 (5th Cir. 1995); see also Thompson v. Raspberry, 993 F.2d 513, 515 (5th Cir. 1993) (*pro se* prisoner's objection to a report and recommendation deemed filed when given to prison officials for mailing). In this case, Odom dated his signature on the handwritten complaint in October of 2008, without providing a specific day. The envelope bears a postal meter date of October 3, 2008. Thus, his complaint was submitted to prison officials sometime between October 1 and 3, 2008. Affording him every benefit, the Court will assume that October 1, 2008 is the earliest date on which he could have delivered it to prison officials for mailing. This was more than one-year after his claims accrued on, or no later than, April 30, 1004. Therefore, Odom's § 1983 claims of deprivation of property seized from his cell is not timely filed.

grounds by Daniel v.Williams, 474 U.S. 327 (1986)); accord Wilson v. Holt, 158 Fed. Appx. 546, 2005 WL 3420898 at *1 (5th Cir. 2005).

Pursuant to La. Civ. Code art. 2315, *et seq.*, the plaintiff has the right to sue any person whom he believes has caused him damage as a result of the loss of his property.[3] The Fifth Circuit has clearly recognized that Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property. See Hutchinson v. Prudhomme, 79 Fed. Appx. 54, 2003 WL 22426661 at *1 (5th Cir. 2003); Copsey v. Swearingen, 36 F.3d 1336, 1342-43 (5th Cir. 1994); Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984) (noting that La. Civ. Code art. 2315 is adequate state remedy to redress loss of prisoner's property); Harrell v. Matthews, No. 94-1431, 1994 WL 449451 at *1 (E.D. La. Aug. 16, 1994) (same).

Thus, the deprivation of property alleged by Odom in this case, whether negligent or intentional, is the kind of claim to which the Fifth Circuit has consistently affirmed dismissals by applying this doctrine. Odom's state law remedy for the alleged negligent or intentional deprivation of his property would lie in a conversion or other tort suit for damages in state court. His complaint is frivolous and fails to state a claim for which relief may be granted pursuant to § 1983 and must be dismissed pursuant to § 1915 and § 1915A.

**V.     Challenge to Conviction and Request for Probation**

Odom also alleges that, during the course of a criminal investigation in April of 2004, defendants Seymour and Rummel denied him access to an attorney during questioning about a letter, which was somehow linked to his then-pending criminal case. He also alleges that he was improperly convicted after his guilty plea, which he claims he was forced to enter because he did

---

[3]La. Civ. Code art. 2315 provides in relevant part that "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

5

not have all of his legal papers. He also indicates, however, that he had counsel in his criminal proceeding.

In addition to monetary damages arising from these allegations, Odom requests as part of his relief that he be placed on probation rather than have to complete the remaining seven years of his sentence. Under a broad reading, Odom is challenging his present conviction and sentence as having been based on a coerced or invalid guilty plea. Therefore, Odom's claim seeking both injunctive relief and monetary damages must be dismissed under the doctrine set forth in Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, the Supreme Court held that a civil action for alleged civil rights violations, which attacks the validity of state confinement that has not been reversed, expunged, invalidated or called into question by a federal court's issuance of a writ of habeas corpus, is not cognizable under § 1983.

> [T]o recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id., 512 U.S. at 486-87 (emphasis in original) (footnote omitted).

As discussed above, Odom's claims against the defendants arise from his allegations that their actions led to his unlawful conviction and imprisonment. Odom's claims in this regard are

clearly connected to the validity of his conviction and present confinement. Heck, 512 U.S. at 479; Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1997); Boyd, 31 F.3d at 283.

Based on his allegations, neither his conviction nor his current confinement have been set aside in any of the ways described in Heck. Thus, any § 1983 claims Odom has against the defendants concerning his continued confinement are premature and must be dismissed. As the Fifth Circuit has noted, the dismissal of these claims is with prejudice to their being asserted again until the Heck conditions are met. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996); Cooper v. Quarterman, No. 207-0161, 2008 WL 954159 at *1 (N.D. Tex. Apr. 3, 2008).

Furthermore, to the extent he seeks his release or placement on probation, this civil rights proceeding is not the appropriate proceeding for pursuing that type of relief. It is well settled that a prisoner who challenges his conviction or the very fact or duration of his physical confinement and who seeks judgment that would entitle him to release must pursue habeas corpus relief rather than civil rights relief under § 1983. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Clarke v. Stalder, 121 F.3d 222, 226 (5th Cir. 1997), reh'g en banc granted and opin. vacated, 133 F.3d 940 (5th Cir. 1997), rev'd in part on other grounds and opin. reinstated in relevant part, 154 F.3d 186, 187 (5th Cir. 1998) (en banc); Hernandez v. Spencer, 780 F.2d 504, 504 (5th Cir. 1986). Odom must pursue his habeas corpus claims and related relief in a properly filed state proceeding or federal habeas corpus proceeding, if appropriate. Id.; see Whitehead v. Johnson, 157 F.3d 384, 387 (5th Cir. 1998) ("A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief.") (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that Odom's § 1983 claims against the St. Tammany Parish Sheriff's Office be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim for which relief can be granted pursuant to § 1915 and § 1915A.

It is further **RECOMMENDED** that Odom's § 1983 claims for deprivation of property taken from his cell against the defendants, Seymour, Rummel, Hinson, Cauilloet, and Stennis be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim for which relief can be granted pursuant to § 1915 and § 1915A.

It is further **RECOMMENDED** that Odom's § 1983 claims challenging his conviction and sentence be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim for which relief can be granted pursuant to § 1915 and § 1915A until such time as the Heck conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 3rd day of April, 2009.

                                        **DANIEL E. KNOWLES, III**
                                        **UNITED STATES MAGISTRATE JUDGE**